10   335
91   619

## FARMER v. ROGERS et al.

The eighth section of the Act concerning Courts of Justice, which provides that when a "judgment or order is reversed or modified, this Court may make complete restitution of all property and rights lost by the erroneous judgment or order," does not cover the case of a judgment for the recovery of money. It applies only to those cases where the judgment operates upon specific property in such a manner that its title is not changed, as by directing the possession of real estate, or the delivery of documents, or of particular personal property in the hands of defendant, and the like.

Where an execution on a judgment for the recovery of money is not stayed by the undertaking on appeal required by statute for that purpose, a sale may be made on the execution, and the rights of purchasers are in no respect affected by the subsequent reversal of the judgment.

MOTION to set aside proceedings subsequent to judgment recovered in the Court below.

In September, 1855, the plaintiff recovered judgment in the District Court of the Eighth Judicial District, County of Siskiyou, against the defendants, for $964, and in October following, issued execution thereon, under which a sale was made of a building in Yreka, to Tomlinson and Wood, for $2300. In January, 1857, this Court, on appeal, reversed the judgment, and upon the filing of the *remittitur* in the Court below, judgment was there rendered in favor of the defendants, who now move to set aside all the proceedings in the case subsequent to the plaintiff's judgment.

*H. H. Hartley* for the motion.

FIELD, J., delivered the opinion of the Court—TERRY, C. J., and BALDWIN, J., concurring.

The motion must be denied. The eighth section of the Act concerning Courts of Justice, upon which the defendants appear to rely, and which provides that when a "judgment or order is reversed or modified, this Court may make complete restitution of all property and rights lost by the erroneous judgment or order," does not cover the present case. It applies only to those cases where the judgment operates upon specific property in such a manner that its title is not changed—as by directing the possession of real estate, or the delivery of documents, or of particular personal property in the hands of the defendant, and the like. In the present case, the judgment of the plaintiff was for the re-

covery of money, and as its execution was not stayed by giving the undertaking on appeal required by statute for that purpose, the sale was properly made, and the rights of the purchasers are in no respect affected by the subsequent reversal of the judgment.

Motion denied.