PETER W. FIELD *et al.*

*v.*

ERIC E. ANDERSON.

*Filed at Ottawa June 21, 1882.*

1. TRESPASS—*levy and sale under execution—effect of subsequent reversal of the judgment.* Where an execution, fair on its face, is issued on a judgment of a court of general jurisdiction having jurisdiction of the subject matter and of the parties, and levied on a stock of goods which are sold to a third party by the officer, the plaintiff in the execution will not be liable in trespass, notwithstanding such judgment may have been reversed after the levy and sale, for error. The acts being lawful when done, can not be made tortious by a reversal of the judgment.

2. REVERSAL OF JUDGMENT—*right of restitution.* After the reversal of a judgment, the prevailing party is entitled to restitution of the money received under the judgment. He may recover the money collected on it by

levy and sale to a third party, as so much money had and received to his use, but there is no liability as for a trespass for goods seized and sold prior to the reversal, under an execution issued upon the judgment.

3. APPEAL *from Appellate Court—the record alone will be considered.* This court, on error or appeal, will not notice any proceedings had in the Appellate Court in a different case, which are not presented in the transcript of the record before it, to see on what grounds that court reversed a judgment, nor can it look to the report of such case in that court, where the record shows nothing as to such report.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Circuit Court of Cook county; the Hon. JOHN G. ROGERS, Judge, presiding.

Mr. D. BLACKMAN, for the appellants:

Trespass is not sustainable whenever the injury is occasioned by regular process of a court of competent jurisdiction.  *Bassett* v. *Bratton,* 86 Ill. 155.

And where the judgment is reversed after the sale of defendant's property, he may recover the money as so much money had and received to his use.  *McJilton* v. *Love,* 13 Ill. 494.

Beyond this it imposed no liability.  *Camp* v. *Morgan,* 21 Ill. 257; *Clayes* v. *White,* 83 id. 540.

To make him liable there must be a defect of jurisdiction. *Johnson* v. *Von Kettler,* 66 Ill. 63; *Johnson* v. *Maxon,* 23 Mich. 129; *Clark* v. *Pinney,* 6 Cow. 300; *Langley* v. *Warren,* 3 N. Y. 327; *Scholey* v. *Halsey,* 72 id. 578; *Magee* v. *Kellogg,* 24 Wend. 32; *Cummings* v. *Noyes,* 10 Mass. 433; *Delano* v. *Wilde,* 11 Gray, 17; *Raun* v. *Reynolds,* 18 Cal. 275; *Galpin* v. *Page,* 18 Wall. 375.

The judgment prior to the reversal is a sufficient justification to the plaintiff for all acts done in enforcing it.  Freeman on Judgments, sec. 482.

The reversal of a judgment can not have a retrospective effect, and make void that which was lawful when done. *Bank of the United States* v. *Bank of Washington,* 8 Pet. 19.

1882.]          FIELD *et al. v.* ANDERSON.                    405

Brief for the Appellee.   Opinion of the Court.

For, as a general rule, there is no trespass by relation. Cooley on Torts, 96; *Bacon* v. *Kimmel*, 14 Mich. 207.

When no trespass is committed by the officer serving the execution, the plaintiff directing is not liable. *Wing* v. *Hussey*, 71 Maine, 185; *Johnson* v. *Von Kettler*, 66 Ill. 63; *Develing* v. *Walton*, 83 id. 390.

The execution was never quashed, vacated, set aside or superseded, as illegally, unduly or irregularly sued out. A party is liable for suing out irregular process, not for the errors in the judgment. *Hayden* v. *Shedd*, 11 Mass. 502.

Messrs. HUTCHINSON & PARTRIDGE, for the appellee:

Process which has been set aside as void or irregular, is no justification for acts done under it, to the party who sues it out. *Parsons* v. *Lloyd*, 2 W. Bl. 846; *Barker* v. *Braham*, 2 id. 868; *Bates* v. *Pilling*, 6 B. & C. 39; *Collett* v. *Foster*, 2 H. & N. 355; *Codrington* v. *Lloyd*, 8 A. & E. 677; *Wooley* v. *Clarke*, 5 Barn. & Ald. 746; *Wehle* v. *Butler*, 43 How. 5; *Lyon* v. *Yates*, 52 Barb. 237; *Kerr* v. *Mount*, 28 N. Y. 659.

The judgment and execution under which appellants sought to justify, had been set aside and vacated before the beginning of this suit, as void, on account of irregularity in the entry of said judgment. *Anderson* v. *Field et al.* 6 Bradw. 307.

Trespass is a proper remedy to recover damage done to the plaintiff by a void or irregular judgment or writ, which has been set aside for that cause before the beginning of the trespass suit. We cite cases *ante* under our first point, and also *Lorimer* v. *Lule*, 1 Chitty, 134; Tidd's Practice, 568, 1032; 2 Addison on Torts, sec. 831.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was an action of trespass, brought to recover damages for breaking and entering into the store of the plaintiff and taking and converting his goods, wherein the plaintiff recovered, and the defendants appealed.

We find nothing in this record to authorize the maintenance of this action of trespass. It is the case of a seizure and sale of goods under execution, the sale being to a third person, the subsequent reversal on appeal of the judgment upon which the execution issued, and this suit, afterwards brought by the defendant against the plaintiffs in the execution, for the breaking and entering into premises and making such seizure and sale. The judgment under which the goods were taken was rendered by the Superior Court of Cook county on *cognovit,* and the reversal was by the Appellate Court for the First District, on appeal. The judgment was in due form of law, by a court of general jurisdiction having jurisdiction of the subject matter and of the person of the defendant, by the *cognovit* of his attorney, and the execution was fair and regular on its face, the sale under execution being to third persons,—innocent purchasers,—and the judgment not reversed until some six months afterward, for error. Such is the case which the record presents, and under such circumstances the law is well settled that trespass does not lie against the plaintiffs in execution. The acts were lawful when done, being under and by virtue of regular process of a court of competent jurisdiction. The reversal of the judgment did not have a retroactive effect, and make tortious that which, when done, was lawful. The judgment prior to the reversal was a sufficient justification to the plaintiffs therein for all acts done in enforcing it, for an erroneous judgment is the act of the court. After a reversal the defendant is entitled to restitution from the plaintiff of all obtained under the judgment. He may recover the money collected upon it as so much money had and received to his use, but there is no liability of the plaintiff as for a trespass for the goods seized and sold under the execution. Freeman on Judgments, sec. 482; *Bank of the United States* v. *Bank of Washington,* 6 Pet. 8; *McJilton* v. *Love,* 13 Ill. 494; *Camp* v. *Morgan,* 21 id. 257; *Bassett* v. *Bratton,* 86 id. 155.

It was said by COWEN, J., in *Clark* v. *Pinney*, 6 Cow. 300 : "Trespass surely would not lie for collecting the amount of a judgment which was merely erroneous." The answer made for appellee is, that trespass is a proper remedy to recover damage done to the plaintiff under a void or irregular judgment or writ which has been set aside for that cause, and the averment is made that the judgment was set aside by the Appellate Court because, among other reasons, it was entered by the mere unauthorized act of the clerk of the Superior Court, in term time, without any judgment having been rendered by said court. Surely nothing of this appears by this record. The record shows a regularly entered judgment by the Superior Court, on appearance of the respective parties by their attorneys, and shows no motion in that court to set aside the judgment. All it shows of the action of the Appellate Court is, the mere judgment of reversal for manifest error appearing, and the remanding order. No other reason for the reversal appears than that it was for manifest error. All that the record shows is a reversal for error, with no intimation wherein the error consisted.

We are referred to the report of the case in 6 Bradw. 307, of the Appellate Court Reports, as giving the reasons for the reversal. That is entirely outside of this record, the record showing nothing whatever as to that report.

It follows that upon the showing by this record there was error in the giving and refusing of instructions based upon the theory that the judgment and execution were no justification.

The judgment of the Appellate Court is reversed, and the cause remanded.

*Judgment reversed.*