[No. 14011.   In Bank. — November 7, 1891.]

R. E. HEWITT, RESPONDENT, *v.* G. L. DEAN, APPEL-
LANT.

APPEAL — MODIFICATION OF JUDGMENT — FORECLOSURE OF MORTGAGE —
    RESTITUTION OF PROPERTY — PRICE AT SALE. — An order of the appellate
    court directing the trial court in an action to foreclose a mortgage,
    to modify the judgment appealed from by reducing the amount
    allowed for attorney's fees, is not such a modification of the judg-
    ment as will entitle the judgment debtor, under section 957 of the Code
    of Civil Procedure, to a restitution of the property sold under the fore-
    closure decree, when the sum for which the property was sold was less
    than the amount of the judgment as modified.
ID. — CONSTRUCTION OF CODE — RIGHTS LOST BY ERRONEOUS JUDGMENT —
    AMOUNT OF PROPERTY TAKEN. — Under section 957 of the Code of Civil
    Procedure, authorizing the appellate court to make restitution of all
    property and rights *lost* by the erroneous judgment, in case the judgment
    appealed from is reversed or modified, a judgment debtor whose judg-
    ment has been modified merely to the extent of relieving him from only
    a part of the judgment has not "lost" any property or rights "by the
    erroneous judgment" so as to entitle him to the restitution of the prop-
    erty, unless more of his property has been taken than the amount for
    which the judgment has been affirmed.

ID. — RIGHT OF APPELLANT UPON REVERSAL OF JUDGMENT — RELIEF IN AP-
PELLATE COURT. — Section 957 of the Code of Civil Procedure, providing
that the appellate court may make complete restitution of all property
and rights lost by the erroneous judgment or order, applies only to those
cases where the judgment operates upon specific property in such a
manner that its title is not changed, as by directing the possession of
real estate, or the delivery of documents, or of particular personal prop-
erty in the hands of the defendant, and the like.

ID. — EXECUTION SALE UNDER REVERSED JUDGMENT — RELIEF IN COURT
BELOW. — The rule under which property bid in by the plaintiff at an
execution sale under his judgment is restored to the defendant, if the
judgment be afterwards reversed, has no application to a case where the
judgment is modified without causing loss to the appellant by a sale
under the judgment; and the relief of causing restitution to be made of
property improperly applied in satisfaction of a judgment should be
sought in the court out of which the process issued, and not in the ap-
pellate court.

MOTION in the Supreme Court to set aside a sale of
property made under a judgment. The facts are stated
in the opinion of the court.

*Victor Montgomery*, for Appellant.

*Ray Billingsley*, for Respondent.

HARRISON, J. — Motion on behalf of the appellants to
set aside a sale of property made under the judgment at
the instance of the respondent.

The court below rendered judgment in favor of the
plaintiff and against the defendants for the sum of
$3,149.60, the amount of the promissory note sued on,
and $300 attorney's fees, and directed that the lands
mortgaged to secure the same be sold by the sheriff.
From this judgment the defendants appealed to this
court, but did not file an undertaking staying proceed-
ings upon the judgment appealed from. After the ap-
peal was taken, the plaintiff caused an order of sale
to be issued upon the judgment, and at a sale thereun-
der, made August 8, 1890, purchased the mortgaged
premises for the sum of three thousand dollars, which
was credited upon the amount of the judgment. Upon
the determination of the appeal in this court, the court
below was directed " to modify the judgment by redu-
cing the amount allowed for attorney's fees to $125, as

of the date the judgment appealed from was entered," and as so modified the judgment was to stand affirmed.

Section 957 of the Code of Civil Procedure provides: "When the judgment or order is reversed or modified, the appellate court may make complete restitution of all property and rights lost by the erroneous judgment or order," etc. This provision has been a part of the rule of procedure in this state since June, 1853. (Stats. 1853, p. 289; Practice Act, sec. 345.) In *Farmer* v. *Rogers*, 10 Cal. 335, the supreme court, construing this provision, say: "It applies only to those cases where the judgment operates upon specific property in such a manner that its title is not changed, as by directing the possession of real estate or the delivery of documents, or of particular personal property in the hands of the defendant, and the like." In that case, however, the sale under the judgment appears to have been made to parties other than the plaintiffs in the action, and in that respect differs from the case under consideration; but the language of the court is general in its statement of the application of the provision.

The provision of the code under which the relief is sought authorizes this court to make restitution " of all property and rights *lost* by the erroneous judgment," in case the judgment appealed from is reversed or modified. The judgment in the present case was not reversed, nor was it modified to such an extent that the defendants can be said to have " lost " any property or rights thereby. The judgment as originally entered was for the sum of $3,492.50, besides costs of suit, and it was modified by the judgment of this court by merely striking therefrom the sum of $175, and in other respects was affirmed, whereas the sum for which the property was sold was only $3,000.

The rule under which property bid in by the plaintiff at an execution sale under his judgment is restored to the defendant if the judgment be afterwards reversed has no application. In such a case the reversal of the judgment is a judicial determination that the plaintiff was

not entitled to the judgment, and it would be contrary to reason to hold that the defendant should not be restored to the estate which had been taken from him by the plaintiff under a process of law, for the purpose of satisfying a demand which it was afterwards judicially determined he did not owe. If the judgment is reversed, there would be no foundation for the title under which the plaintiff claims to hold the property of the defendant, and he must surrender it. For such purpose, however, he must make application to the court out of which the process issued. That court is the custodian of the records in the suit, and is the proper tribunal to supervise the action of its officers in enforcing its judgments, or to cause restitution to be made of property improperly applied in satisfaction of its judgments. Unless, however, the judgment is reversed, the principle does not apply, and upon a modification of the judgment to such an extent merely that the defendant is thereby relieved from only a part of the judgment, it cannot be said that he has "lost" any property or rights "by the erroneous judgment," unless more of his property has been taken than the amount for which the judgment has been affirmed. In the present case, inasmuch as it appears from the affidavit on behalf of the defendants that property amounting to only three thousand dollars has been taken in part satisfaction of a judgment amounting to a much greater sum, it would be not in accordance with either equity or the provisions of the code to order the property to be restored to them.

The motion is denied.

Paterson, J., Garoutte, J., De Haven, J., Sharpstein, J., and Beatty, C. J., concurred.