Argued March 22, affirmed April 3, rehearing denied May 15, 1917.

## EVANS *v.* MERIDIAN INVESTMENT & TRUST CO.

(163 Pac. 1165.)

**Municipal Corporations—Special Assessments—Reassessments—Purchaser at Void Sale.**

1. As a purchaser at a void sale for street assessment buys at his peril, and has no such equities as entitle him to be reimbursed by the property holder for the sum paid by him, a city may not reassess the property to obtain a fund from which to reimburse such purchaser.

From Multnomah: WILLIAM N. GATENS, Judge.

The plaintiff, Mary H. Evans, commenced a suit to quiet title against the Meridian Investment & Trust Company, now known as the Meridianal Company, a corporation, and the City of Portland. From a decree in favor of plaintiff, defendants appeal. Affirmed. Rehearing denied.

Department 2.    Statement by MR. CHIEF JUSTICE McBRIDE.

This is a suit to quiet title to lot 8, block 51, in the town of Albina, now within the corporate limits of the City of Portland. The complaint was in the usual form. The defendant answered, and its answer being held insufficient by the court it obtained leave to file a further answer, and also asked and obtained relief to have the City of Portland brought in as a codefendant. The amended answer admitted all of the allegations of the complaint, except that it denied that the defendant Meridianal Company had no interest, estate, or claim in the property. The answer then set up the facts showing in detail the proceedings for improving Albina Avenue and making an assessment on said property, and alleged that upon sale the Meridianal

Company paid the amount bid at such sale, $144.57, and received a treasurer's certificate of sale therefor, and that the plaintiff has never paid said assessment or redeemed said property. It further stated that David Brown, John Mitchell, Mary Evans, plaintiff herein, and other plaintiffs, filed a petition in the Circuit Court of Multnomah County for a writ of review to review the proceedings of said city relative to said reassessment, and thereupon an alternative writ was issued from that court and a return thereto filed, containing a transcript of the proceedings relating to said reassessment, whereby said court found said proceedings to be regular and valid; that said plaintiff took an appeal to this court, which about December 1, 1914, rendered an opinion and decision with reference to said proceedings, holding that the council in passing the ordinance making such reassessment erred in failing to make a record showing in detail its findings of fact relative to the objections made and filed with the auditor by the plaintiff *et al.* against the preliminary reassessment for said improvement; that on or about the same date a mandate was issued requiring the Circuit Court to enter a judgment canceling and annulling said ordinance, directing the city to take proceedings not inconsistent with said opinion, and authorizing it to give further notice of a hearing upon said preliminary reassessment, to proceed to make findings of fact upon such objections, and to pass another ordinance making such reassessment; that on January 25, 1915, the plaintiff, responding to said notice, filed written objections to the reassessment proceedings, and contended the city had sold the property as related to defendant without any right or authority; that all of the proceedings herein set out and said sale were void, and that by reason of the sale and the certificate here-

inbefore described all of plaintiff's reassessment and lien on said property had been paid and satisfied, and that all possibility of claim for assessment or reassessment on behalf of said city against said property has been paid and satisfied; that the council determined all of plaintiff's objections to the reassessment proceedings adversely to plaintiff. The answer then recites the passage by the council of ordinance No. 30,287, making a reassessment, which it was alleged was a valid reassessment of the property, and of an ordinance providing for the payment to the Meridianal Company upon certain conditions of the amount paid by it upon the attempted sale of the property. Said pleading alleged that by reason of the premises the defendant had an equitable right or interest in the property to the extent of the lien reassessed against it, and that in justice and equity it was subrogated to the rights of the City of Portland in and to the proceeds of the amount which has been levied against the property, and prayed for relief accordingly. Upon motion of plaintiff the new matter in defendant's answer was stricken out, and thereafter a decree was entered against the defendant Meridianal Company as prayed for in the complaint. The city answered setting up in detail the same defenses urged by the Meridianal Company and, in effect, asserting its right to sell the property upon the last reassessment for the purpose of reimbursing the Meridianal Company for the sum paid by it at the void sale. On October 9th a general demurrer was filed to the answer of the City of Portland, which was sustained, and on October 15, 1915, a decree was entered against the defendant City of Portland in accordance with the prayer of the complaint. From these decrees the Meridianal Company and the City of Portland both appealed.

Affirmed. Rehearing Denied.

For appellant, Meridianal Company, there was a brief and an oral argument by *Mr. Robert C. Wright.*

For appellant, City of Portland, there was a brief over the name of *Mr. Walter P. La Roche,* City Attorney, and *Mr. Lyman E. Latourette,* with an oral argument by *Mr. Latourette.*

For respondent there was a brief and an oral argument by *Mr. Ralph R. Duniway.*

Opinion by Mr. Chief Justice McBride.

1. The matter of this street assessment has been so long pending that it has attained the character of a genuine antique. In 1903 the City of Portland attempted to assess plaintiff's property for an improvement of Albina Avenue. The assessment was resisted and set aside by the court. It then attempted to make a reassessment, which was adjudged void in the case of *Applegate* v. *City of Portland,* 53 Or. 552 (99 Pac. 890), and the city directed to proceed to reassess the property. Thereupon the city endeavored to make another reassessment, but this was resisted and adjudged invalid in *Brown* v. *City of Portland,* 73 Or. 302 (144 Pac. 121), and the case sent back with permission to the city again to reassess the property. The case of *Brown* v. *City of Portland* was heard first in the Circuit Court of Multnomah County, and the proceedings there adjudged to be valid, from which decision the property owners took an appeal to this court. While this case was pending here, the City of Portland directed a city treasurer's sale, and at said sale the Meridianal Company bid in the property paying the full amount of the alleged assessment. It is undisputed that the sale was wholly void and passed no title

to the purchaser, and the principal question here is whether the city can reassess to obtain a fund from which to reimburse the purchaser at the void sale. The uniform holding of this court has been that a purchaser at a void sale for street assessments buys at his peril, and that he has no such equities as entitle him to be reimbursed by the property holder for the sum paid by him: *Dowell* v. *City of Portland,* 13 Or. 248 (10 Pac. 308); *Keenan* v. *City of Portland,* 27 Or. 544 (38 Pac. 2); *Gaston* v. *Portland,* 41 Or. 373 (69 Pac. 34, 445); *Gaston* v. *Portland,* 48 Or. 82 (84 Pac. 1040); *Hughes* v. *Portland,* 53 Or. 370 (100 Pac. 942); *Barkley* v. *Lincoln,* 82 Neb. 181 (117 N. W. 398, 130 Am. St. Rep. 659, 18 L. R. A. (N. S.) 392). In *Gaston* v. *Portland, supra,* and again in *Hughes v. Portland, supra,* this court held that that part of Section 400 of the Charter of the City of Portland providing for the reassessment of property which had been theretofore sold under void assessments for the purpose of reimbursing the purchaser at such sale was void; the court using the following language:

"That part of Section 400 providing that, when the property has been sold for the payment of a delinquent assessment and the sale has been declared void, the property shall be reassessed and the proceeds paid to the purchaser in the prior sale, is unconstitutional and void, because it is, in effect, the taking of one man's property and giving it to another."

This disposes absolutely of the proposition that the City of Portland had any right to make a reassessment of plaintiff's property after the void sale. The defendant Meridianal Company stands in the position of a volunteer who has paid the tax of the defendant City of Portland at its own risk. It, therefore, cannot claim reimbursement either as a matter of law or for any equitable reason. A different rule has been inti-

mated by this court in respect to the sales for ordinary taxes, which are in their nature of a character necessary for the support of the government and for the exercise of its functions, but this rule has never been extended and never will be extended to proceedings of this character, which are strictly *in invitum* and in favor of which no equities have ever been declared by this or any other court. The decree of the Circuit Court is affirmed.

AFFIRMED.    REHEARING DENIED.

MR. JUSTICE MOORE, MR. JUSTICE BEAN, and MR. JUSTICE McCAMANT concur.