## DUNIWAY v. CELLARS-MURTON CO.

### (170 Pac. 298; 179 Pac. 561.)

### ON MOTION TO DISMISS.

**Appeal and Error—Assessments—Payment Under Protest—Effect.**

1. After certain property was sold under a sewer assessment the owner sued to quiet title, claiming that the assessment was void. The court decreed that defendant had an interest by reason of the sale which would mature in the absence of redemption within three years, and the owner appealed. Pending appeal, fearing the time for redemption would expire, he paid the assessment under protest, expressly reserving all rights arising from the appeal. *Held*, the payment was not a waiver, and furnished no ground for dismissing the appeal.

### ON THE MERITS.

**Municipal Corporations—Sewers—Assessment—Benefit—Necessity.**

2. Land which is not, and cannot be, drained by a sewer cannot be assessed therefor.

**Municipal Corporations—Sewers—Assessments.**

3. Under Portland City Charter, Section 389, a property owner cannot be assessed for a sewer unless he receives a special benefit therefrom.

**Municipal Corporations—Sewers.**

4. Under Portland City Charter, Section 389, an assessment for a sewer was void, where sewer was laid through private land of another, and land owner could not use it without being a trespasser.

**Quieting Title—Matters Occurring After Action Brought.**

5. In action to quiet title, title is to be determined by conditions as they existed at time issues were made.

**Quieting Title—Scope of Inquiry.**

6. A special assessment levied for a municipal improvement may be questioned and tested in a suit to quiet title to real property assessed.

**Municipal Corporations—Improvements—Assessments—Sale—Right of Purchaser.**

7. Purchaser at sale for street assessment, in absence of fraud, is governed by rule of caveat emptor, and after purchase, if it transpires that assessment is void, such purchaser obtains no title to or equity in land purchased.

**Pleading — Supplemental Pleading—Matters Occurring After Issue Joined.**

8. In suit to quiet title, where purchaser at sale for street assessment was a defendant, assessment being void at time made by reason of sewer being laid through private property, subsequent proceedings by city for obtaining an extension of street where sewer was laid might form basis for a reassessment, but could not validate assessment made prior to suit; subsequent matter not being brought into suit by any supplemental pleading.

**Quieting Title—Burden of Proof.**

9. In suit to quiet title, burden was upon defendant, who purchased the land at a sale for street assessment, to allege and prove his interest in the property.

> [As to right to maintain suit to remove lien of special assessment as cloud on title, see note in Ann. Cas. 1914A, 888.]

From Multnomah: EDWIN V. LITTLEFIELD, Judge.

This is a motion to dismiss an appeal. The facts are these: Certain property of the appellant valued at $750 which was included in a sewer assessment made by the City of Portland, said assessment amounting to $74.07. In January, 1915, said assessment being unpaid and delinquent, the city treasurer in compliance with the charter and ordinances of the City of Portland, sold the property to respondent for the sum of $84.60 and issued a certificate of sale of said property; thereupon appellant claiming that the assessment and sale were invalid brought a suit to quiet his title which being decided adversely he appealed to this court giving the usual bond for costs and disbursements.

The court below decided among other matters that the respondent had a valid claim upon and interest in

said property by reason of said treasurer's sale, and that if no redemption should be made therefrom within three years from the date of the certificate of sale the defendant would be entitled to receive a deed to said property in accordance with the charter and improvement code of the City of Portland. While the appeal was pending here the appellant foreseeing that the three years allowed for redemption might elapse before the appeal could be heard, paid to the auditor of the City of Portland under protest the amount of the assessment, costs and penalties, and in writing notified respondent that he in no way waived his appeal, and that he intended to prosecute the same and if the decree of the Circuit Court should be reversed he would expect to recover the money so paid. Based upon this payment the respondent moves to dismiss the appeal upon the ground that by such payment the appellant has recognized and complied with the decree and can have no further interest in the prosecution of the appeal. MOTION DENIED.

*Mr. George S. Shepherd* and *Mr. George B. Cellars,* for the motion.

*Mr. Ralph R. Duniway* and *Mr. James R. Bain,* contra.

McBRIDE, C. J.—1. The redemption under the circumstances under which it was made was not voluntary and, as shown by the protest accompanying it, was not made with any intent to waive appellant's rights on appeal. In similar cases we have held that such a payment does not furnish ground for dismissal of the appeal: *Edwards* v. *Perkins,* 7 Or. 149; *Moores* v. *Moores,* 36 Or. 261 (59 Pac. 327); *Eilers Piano House* v. *Pick,* 58 Or. 54 (113 Pac. 54). See, also, *Plano Mfg.*

*Co.* v. *Rasey,* 69 Wis. 246 (34 N. W. 85) ; *Bush* v. *Aetna Bldg. & Loan Assn.,* 51 Okl. 529 (151 Pac. 850) ; *Warner Bros.* v. *Freud,* 131 Cal. 639 (63 Pac. 1017, 82 Am. St. Rep. 400).

This holding is not to be confounded with those cases holding that a party voluntarily accepting the benefits of a decree or voluntarily doing some act inconsistent with his contention on the appeal is precluded from maintaining such appeal, or with those cases in which the entire subject matter of the appeal having disappeared there would be nothing left which a reversal of the decree could affect. In the case at bar the appellant in the event of reversal would be entitled by appropriate proceedings for that purpose, to a restitution of the moneys which he was compelled to pay to prevent a deed to his property being issued by the city treasurer: *McFadden* v. *Swinerton,* 36 Or. 336, 354 (59 Pac. 816, 62 Pac. 12).

The motion is overruled.

MOTION TO DISMISS DENIED.

---

Reversed March 25, rehearing denied April 22, 1919.

ON THE MERITS.

(179 Pac. 561.)

Department 2.

This is a suit to quiet title to Lot 3, Block 3, including one half of vacated street east of and adjoining Block 3, Norton's subdivision of Lot 10, Town of Wayne, in the City of Portland, Oregon. From a decree in favor of defendant, plaintiff appeals.

The complaint is in the usual form. Defendant answered, claiming an interest in the real property ad-

verse to plaintiff to the extent, that the City of Portland, pursuant to its charter, improvement Code and ordinances, constructed a sewer known as the East 33d Street Extension of the Sullivan Gulch Sewer, and by Ordinance 26,778 assessed benefits to the above premises in the sum of $74.07, which sum was duly entered in the docket of City Liens April 4, 1913, as against the premises and the same being unpaid on January 7, 1915, was sold to the defendant to satisfy such assessment, for $84.60, the amount of the lien, interest and costs of sale, and a certificate of sale was issued to defendant by the city treasurer, and that no redemption had been made.

Plaintiff filed a reply denying defendant's interest in the property and denying that the property was benefited by anything the city did. Upon the trial the facts were stipulated as follows:

"That the City of Portland built the Thirty-third Street sewer, and it extends from the river along north on East Twenty-ninth Street in front of the property of plaintiff; that said sewer before reaching the property of the plaintiff was built by the city through the property of J. J. Fraser without securing a right of way and as a trespasser, and that the property of the plaintiff must drain into this sewer down through the property of Mr. Fraser; and that the city built the sewer across the property of Mr. Fraser without securing a right of way, and attempted to assess Mr. Fraser's property, as well as the property of the plaintiff, and that Mr. Fraser brought suit in the Circuit Court of the State of Oregon for the county of Multnomah against the City of Portland to cancel the assessment and to secure a mandatory injunction removing the sewer from the property; that that case was carried to the Supreme Court of the State of Oregon and a decree was rendered, and the Supreme Court has, in the case of J. J. Fraser against the City of Portland, adjudicated that the City of Portland built the sewer

through the property of Mr. Fraser without a right of way, and as a trespasser, and that Mr. Fraser was entitled to a mandatory injunction to have that sewer removed within a reasonable time, unless the city secured a right of way from him; and that also a decree was secured in that suit canceling the assessment made by the City of Portland upon Mr. Fraser's property; and while this condition existed the city attempted to levy this assessment upon the property of the plaintiff, attempted to offer it for sale, and the defendant attempted to buy it in, and since the institution of this suit—that is, within the last month—the city purchased a right of way from Mr. Fraser for this sewer, and for street purposes. * * "

REVERSED.

For appellant there was a brief and an oral argument by *Mr. Ralph R. Duniway.*

For respondent there was a brief over the names of *Mr. George S. Shepherd* and *Mr. G. B. Cellars,* with an oral argument by *Mr. Shepherd.*

BEAN, J.—2, 3. The question raised in this case is whether or not the assessment against the real property of plaintiff was valid so that the defendant obtained an interest in the real property by virtue of the certificate of sale made to satisfy the lien. In *Fraser v. Portland,* 81 Or. 92 (158 Pac. 514), it was held that the sewer being constructed over the private property of Mr. Fraser, the plaintiff in that suit, the city was a trespasser and the assessment against Mr. Fraser's property was canceled; that he was entitled to have the sewer removed unless the right of way was acquired within a reasonable time. The claim is made on behalf of the defendant that although the assessment was void as to Mr. Fraser, the owner of the property trespassed upon by the city in laying the sewer, a dif-

ferent rule would prevail as to the plaintiff Mr. Duniway. There is an apparent contrariety of opinion on the question involved largely perhaps on account of the difference in facts of the various cases. As affecting the assessment of the real property of plaintiff Duniway who was not the owner of the realty trespassed upon, the validity of the assessment against his property depends upon whether or not such property was benefited by the construction of the sewer. Land which is not and cannot be drained by a sewer cannot be assessed therefor: 1 Page and Jones on Taxation by Assessment, §§ 400, 401. The council of the City of Portland by the city charter is empowered to order to be constructed sewers and drains and to levy and collect an assessment upon all lots and parcels of land "specially benefited by such sewers and drains, to defray the whole or any portion of the cost and expense thereof": Charter of Portland, § 389. No special assessment is authorized to be levied upon land for the payment of the construction of a sewer, unless as a necessary incident, a corresponding special benefit accrues to the property upon which the burden is attempted to be laid. As stated in 1 Page and Jones on Taxation by Assessment, Section 400:

"If the location of the private property through which the sewer runs is such that A. cannot make use of such sewer without trespassing on such private land, A. may resist an assessment therefor, even if the city has an easement to maintain the sewer (citing *State ex rel. McKune* v. *District Court of Ramsey County,* 90 Minn. 540 (97 N. W. 425). This, however, involves not the nature of the improvement but the benefit to the land assessed. * * "

This we believe to be the reasonable rule in such cases and one which is supported by the weight of authority: *Fraser* v. *Portland,* 81 Or. 92 (158 Pac. 514);

*Matter of Rhinelander,* 68 N. Y. 105; 2 Elliott on Roads and Streets (3 ed.), 681; notes to *Reiff* v. *Portland,* L. R. A. (N. S.) 1915D, p. 772; *Hershberger* v. *City of Pittsburgh,* 115 Pa. St. 78 (8 Atl. 381); *Baltimore* v. *Hook,* 62 Md. 371; *Marshall's Appeal,* 210 Pa. St. 537 (60 Atl. 160); *Matter of Petition of Charles A. Cheesebrough,* 78 N. Y. 232; *Spaulding* v. *Wesson,* 115 Cal. 441 (47 Pac. 249).

4. At the time plaintiff's land was assessed and sold to the defendant to satisfy the lien, the plaintiff could not use or receive any benefit from the sewer laid over the land of J. J. Fraser without being a trespasser. Mr. Fraser had the right at that time to have the sewer removed, and there being no benefit accruing to plaintiff's realty by virtue of the improvement, the municipal authorities of Portland had no right to assess plaintiff's property and the assessment was void: Hamilton on Special Assessments, § 604.

5–8. We are to determine the title to the land in question in this suit by the conditions as they existed at the time issues herein were made. The fact that about two years afterward the city made the second attempt to obtain a right of way for the sewer does not affect the title to plaintiff's land. In other words, an assessment for a sewer or other municipal improvements cannot be made upon real estate which is not benefited thereby upon credit, or upon the prospect that some time in the future proceedings will be taken so that the real property assessed will be benefited: *Carpenter* v. *Commissioners,* 56 Minn. 513 (58 N. W. 295). A special assessment levied for a municipal improvement may be questioned and tested in a suit to quiet title to the real property assessed. A purchaser at a sale for a street assessment in the absence of fraud is governed by the rule of *caveat emptor,* and after the

purchase if it transpires that the assessment is void, such purchaser obtains no title to or equity in the land purchased: *Evans* v. *Meridian Investment & Trust Co.,* 84 Or. 246 (163 Pac. 1165); *Keenan* v. *City of Portland,* 27 Or. 544 (38 Pac. 2). The subsequent proceedings by the city for obtaining an extension of the street where the sewer was laid under proper conditions might form the basis for a reassessment, but could not validate an assessment made prior to a suit involving title to land assessed, when such right of way was obtained long after the issues in the suit were raised and no subsequent matters were brought into the suit by any supplemental pleading.

9. The burden was upon the defendant to allege and prove its interest in the real property in question in this suit. It alleged such interest. This was denied by the plaintiff in the reply, and we think the question as to the special benefit accruing to plaintiff's property by virtue of the construction of the sewer, and therefore the validity of the assessment and sale upon which defendant relies, were squarely raised: 17 Ency. of Pl. & Pr. 349, 350; *Savage* v. *Savage,* 51 Or. 167, 170 (94 Pac. 182); *Moores* v. *Clackamas County,* 40 Or. 536 (67 Pac. 662); *Evans* v. *Meridian Investment & Trust Co.,* 84 Or. 246 (163 Pac. 1165); *Fraser* v. *Portland,* 81 Or. 92 (158 Pac. 514); *Clark* v. *City of Salem,* 61 Or. 116–121 (121 Pac. 416, Ann. Cas. 1914B, 205), involved a street improvement. At the time of the initiation of proceedings for such improvement half of the land sought to be used therefor was private property. It was held that the assessment was enforceable after the completion of the opening of the street. In that case the right of way was obtained before any suit was instituted. The facts in that case differ from

those in the one now under consideration. It is shown that the plaintiff in this case compromised the assessment as to other lots. We fail to see how this affects the present suit in any way.

The decree of the lower court will be reversed and one entered here in conformity to the prayer of plaintiff's complaint.

REVERSED. DECREE ENTERED. REHEARING DENIED.

McBRIDE, C. J., and HARRIS and BENNETT, JJ., concur.