Argued at Pendleton May 9, affirmed July 24, 1923.

# COKER & BELLAMY *v.* RICHEY.

(217 Pac. 638.)

**Appeal and Error—Plaintiffs, Who Paid Defendant's Judgment for Costs to Prevent Seizure of Property Under Execution, Entitled to Restitution on Reversal of Judgment.**

1. Where plaintiffs, on dismissal of suit and rendition of judgment for defendant for amount of his costs, paid the judgment pending appeal from the judgment to prevent seizure of property under execution, the defendant, on reversal of the judgment, was required to make restitution; the payment having been made under compulsion.

**Payment—One Who is Compelled to Pay a Judgment is Entitled to Restitution on Vacation of Judgment.**

2. When a judgment is vacated after it has been paid under compulsion, the party who was compelled to pay is entitled to have restored to him all that he lost under the erroneous judgment; and the party to whom such payment was made is obliged to make restoration.

**Motions—Order to Show Cause Equivalent to Scire Facias.**

3. An order to show cause is equivalent to *scire facias.*

**Motions—Motion or Pleading Giving Notice Equivalent to Scire Facias.**

4. A motion or pleading which gives notice and affords an opportunity to be heard should be treated as equivalent to a *scire facias.*

**Appeal and Error—Have Inherent Power to Undo What It had No Power to Do.**

5. A court has inherent power to undo that which it had no power to do or erroneously did originally, and to restore the parties to their former position to the extent that restoration is possible; such power remaining with the court so long as the parties and the case are properly before it, either in the first instance, or when remanded to it by an appellate court.

**Appeal and Error—Circuit Court on Reversal of Judgment of Dismissal Could Require Defendant to Make Restitution of Amount of Defendant's Judgment for Costs Paid by Plaintiffs, Without Requiring Separate Action Therefor.**

6. Where the plaintiffs on dismissal of the suit and rendition of judgment for defendant for his costs paid the judgment to avoid seizure of the property under execution based thereon, and the Supreme Court on appeal substantially reversed the judgment, the Circuit Court, on plaintiff's cost bill seeking restitution of amount so paid and defendant's objections thereto, could order the defendant to restore to the plaintiffs the amount so paid without requiring the plaintiffs to bring a separate action therefor, though

technically the items sought to be recovered were not costs and disbursements, and could direct that the amounts allowed to the plaintiffs be inserted in the decree rendered upon the mandate, in view of Section 558, Or. L.

From Union: GILBERT W. PHELPS, Judge.

In Banc.

R. H. Coker and T. K. Bellamy commenced a suit against G. M. Richey for an injunction. A trial in the Circuit Court terminated in a decree dismissing the suit and allowing Richey to recover costs and disbursements from Coker and Bellamy. On June 23, 1921, Richey filed a cost bill claiming $172.30. The circuit judge settled the cost bill and the objections made by plaintiffs to it by an order which was filed August 27, 1921, and allowed Richey $168.30.

The plaintiffs served and filed a notice of appeal on July 29, 1921. An undertaking on appeal was duly filed and subsequently, on August 26, 1921, the sureties, in answer to exceptions filed by Richey, justified; and the court approved the undertaking.

The undertaking on appeal, although sufficient for an appeal, did not, Richey says, operate as a stay of proceedings; and so on August 27, 1921, a writ of execution was at the request of Richey issued, and by it the sheriff was commanded to collect out of the property of the plaintiffs "the sum of one hundred and sixty-eight and 30/100 dollars now due on said judgment." On August 29, 1921, the sheriff returned the writ showing that he had received from Coker and Bellamy $168.54, "or the full amount due on said execution."

The plaintiffs appealed from the decree rendered by the Circuit Court; and upon the appeal the decree of the Circuit Court was reversed and one rendered enjoining Richey from carrying on the piano or

music business at La Grande, allowing Coker to recover costs and disbursements from Richey, but also providing that "no costs or disbursements will be allowed in favor of" Bellamy or Richey: *Coker and Bellamy* v. *Richey*, 104 Or. 14, 25 (202 Pac. 551, 204 Pac. 945, 947, 22 A. L. R. 744).

After a decree was rendered by the appellate court and a mandate issued to the Circuit Court, Coker filed in the Circuit Court a cost bill aggregating $33.70 for fees paid to officers and witnesses in the trial which had been had in the Circuit Court. This paper is referred to in the record as cost bill No. 1.

Coker and Bellamy together also filed a paper labeled "statement of costs and disbursements claimed in the above-entitled cause by plaintiffs." This paper is by the parties denominated cost bill No. 2. It sufficiently appears from cost bill No. 2, that at a time when the sheriff was armed with the writ of execution and had seized a valuable automobile owned by Coker and was threatening to take possession of Bellamy's music store, each of the plaintiffs paid to the sheriff $84.27, or a total of $168.54. In cost bill No. 2 Coker asks for $84.27 and Bellamy asks to be allowed to recover the same amount from Richey.

The parties stipulated in writing to submit to the circuit judge for the sixth judicial district "the issues of fact and law arising upon the filing of cost bills denominated Nos. 1 and 2 herein, by the plaintiffs and the objections of defendant thereto." The circuit judge allowed Coker $33.70 on cost bill No. 1 and $84.27 on cost bill No. 2, and also allowed Bellamy $84.27 on cost bill No. 2; and the clerk was ordered to insert the amounts "in the original judgment and decree upon the mandate of the Supreme Court, and that execution issue thereon."

108 Or.—31

Richey appealed "from that part of said judgment and decree whereby the said Circuit Court overruled the objections of defendant to the cost bill of plaintiffs, designated cost bill No. 2."        AFFIRMED.

For appellant there was a brief and oral argument by *Mr. E. R. Ringo.*

For respondents there was a brief over the name of *Messrs. Cochran & Eberhard,* with an oral argument by *Mr. Colon R. Eberhard.*

HARRIS, J.—Although it may sometimes be difficult to determine whether a given payment is voluntary or involuntary a comprehensive statement of the rule appears in *Brumagin* v. *Tillinghast,* 18 Cal. 265 (79 Am. Dec. 176).

"It may be said in general that there must be actual or threatened exercise of power possessed, or supposed to be possessed, by the party exacting or receiving the payment, over the person or property of the party making the payment, from which the latter has no other means of immediate relief than by advancing the money."

1. The sheriff was armed with a writ of execution and by force of it he had seized property owned by Coker; and obviously payment by Coker was compulsory. It is likewise manifest that payment by Bellamy to prevent the carrying out of the threat of seizure was compulsory; and so say the authorities: *Duniway* v. *Cellars-Murton Co.,* 92 Or. 113 (170 Pac. 298, 179 Pac. 561); *Knox County Bank* v. *Doty,* 9 Ohio St. 505 (75 Am. Dec. 479); *Kaiser* v. *Barron,* 153 Cal. 474 (95 Pac. 879); *First National Bank of Sturgis* v. *Watkins,* 21 Mich. 483; *Hiler* v. *Hiler,* 35

Ohio St. 645; *Chambliss* v. *Haas,* 125 Iowa, 484 (101 N. W. 153, 3 Ann. Cas. 16, 68 L. R. A. 126).

The fact situation presented here is one where the Circuit Court decreed a dismissal of the suit and allowed to Richey his costs and disbursements. Coker and Bellamy were by the decree and processes of the Circuit Court compelled to pay such costs and disbursements. But upon appeal it was held that the decree which allowed Richey to recover his costs and disbursements was erroneous; and the final determination was that Coker was entitled to recover his costs and disbursements from Richey, and that as between Bellamy and Richey neither should recover from the other costs and disbursements.

The original decree of the Circuit Court conferred upon Richey the right to collect costs and disbursements, but that right was subject to being dissolved or rendered indissoluble upon appeal. The right to collect costs and disbursements was dissolved upon appeal, and hence after the decision of the appellate court Richey is found possessing moneys collected for him by force of process which had been based upon a decree that in the end was set aside; and because of this situation the law imposes upon Richey an obligation to make restitution of the moneys so acquired by him: *McFadden* v. *Swinerton,* 36 Or. 336, 354 (59 Pac. 816, 62 Pac. 12); *Duniway* v. *Cellars-Morton Co.,* 92 Or. 113, 116 (170 Pac. 298, 179 Pac. 561); *Metschan* v. *Grant County,* 36 Or. 117, 120 (58 Pac. 80); *Scholey* v. *Halsey,* 72 N. Y. 578, 582; *United States Bank* v. *Bank of Washington,* 6 Pet. (U. S.) 8 (8 L. Ed. 299, see, also, Rose's U. S. Notes); *Hinchman* v. *Ripinsky,* 202 Fed. 625 (121 C. C. A. 35); *Dodson* v. *Butler,* 101 Ark. 416 (142 S. W. 503, Ann. Cas. 1913E, 1001, 39 L. R. A. (N. S.) 1100).

2. When a judgment is vacated after it has been by compulsion paid, the party who was so compelled to pay is entitled to have restored to him all that he lost under the erroneous judgment; and the party to whom such payment was made is obliged to make restoration. The right of restoration is of common-law origin and while many of the states have incorporated the right in a statute, it is frequently, if not usually, held that such statutes are merely cumulative: *Northwestern Fuel Co.* v. *Brock*, 139 U. S. 216 (35 L. Ed. 151, 11 Sup. Ct. Rep. 523, see, also, Rose's U. S. Notes); *Harrigan* v. *Gilchrist*, 121 Wis. 127, 441 (99 N. W. 909); *Haebler* v. *Myers*, 132 N. Y. 363 (30 N. E. 963, 28 Am. St. Rep. 589, 15 L. R. A. 588).

Costs and disbursements may properly become the subject of restitution: *Hinchman* v. *Ripinsky*, 202 Fed. 625 (121 C. C. A. 35); *Drescher Rotberg Co.* v. *Landeker*, 82 Misc. Rep. 441 (143 N. Y. Supp. 1050). The right of restitution is unhesitatingly recognized in all jurisdictions where the rules of common law are given any application; but though the existence of the right is unquestioned, the mode of exercising it is not always the same and varies with the circumstances. In jurisdictions where the common-law procedure is observed, if the amount paid appears on the record brought to the appellate court and is thus there made certain, that court may issue a writ of restitution; but where the amount to be restored does not appear in the record filed in the appellate court, a *scire facias* may be necessary to ascertain how much is to be restored: *McFadden* v. *Swinerton*, 36 Or. 336, 355 (59 Pac. 816, 62 Pac. 12); *United States Bank* v. *Bank of Washington*, 6 Pet. (U. S.) 8 (8 L. Ed. 299); *Northwestern Fuel Co.* v. *Brock*, 139 U. S. 216 (35 L. Ed. 151, 11 Sup. Ct. Rep. 523, see,

also, Rose's U. S. Notes); *Martin* v. *Woodruff,* 2 Ind. 237; *Haebler* v. *Myers,* 132 N. Y. 363 (30 N. E. 963, 28 Am. St. Rep. 589, 15 L. R. A. 588); *Flemings* v. *Riddick's Exr.,* 5 Gratt. (Va.) 272 (50 Am. Dec. 119); *Carroll* v. *Draughon,* 173 Ala. 338 (56 South. 209).

Although we are not now concerned with whether or not a party who has been compelled to pay a judgment may after such judgment has been vacated elect to pursue as his remedy an independent action, it is not inappropriate to direct attention to the fact that such an election is frequently, if not generally, permitted, and the party is allowed to prosecute an action for money had and received: *McFadden* v. *Swinerton,* 36 Or. 336, 355 (59 Pac. 816, 62 Pac. 12); *Lewis* v. *Hull,* 39 Conn. 116; *Field* v. *Anderson,* 103 Ill. 403; *Owings* v. *Owings,* 10 Gill & J. (Md.) 267; *Stevens* v. *Fitch,* 11 Met. (Mass.) 248; *Haebler* v. *Myers,* 132 N. Y. 363 (30 N. E. 963, 28 Am. St. Rep. 589, 15 L. R. A. 588); *Clark* v. *Pinney,* 6 Cow. (N. Y.) 297.

While it has been stated by a tribunal of high authority that there may be instances where an original action is the only available remedy, the case presented here is not one of them: *Cummings* v. *Noyes,* 10 Mass. 433.

Our present concern is to ascertain whether a party may recover a compulsory payment without resorting to an independent action; and we find that both at common law and under the statutes in most jurisdictions a party may have restitution by a summary proceeding in the same suit or action: 4 C. J. 1238; *Carroll* v. *Draughon,* 173 Ala. 338 (56 South. 209); *Peticolas* v. *Carpenter,* 53 Tex. 23; *Keck* v. *Allender,* 42 W. Va. 420 (26 S. E. 437).

3, 4. An order to show cause is equivalent to a *scire facias: Horton* v. *State,* 63 Neb. 34 (88 N. W. 146); and so, too, a motion or any pleading which gives notice and affords an opportunity to be heard should be treated as such equivalent: *McFadden* v. *Swinerton,* 36 Or. 336, 355 (59 Pac. 816, 62 Pac. 12); *Keck* v. *Allender,* 42 W. Va. 420 (26 S. E. 437); *First National Bank* v. *Elliott,* 60 Kan. 172 (55 Pac. 880); *Carroll* v. *Draughon,* 173 Ala. 338 (56 South. 209). Under the Code practice a party may move in the appellate court for restitution, particularly where the record on appeal shows payment; and obviously if the fact of payment is not shown by the record brought to the appellate court a party may move for restitution in the inferior court: *McFadden* v. *Swinerton,* 36 Or. 336, 355 (59 Pac. 816, 62 Pac. 12); *Howland* v. *Fenner Mfg. Co.,* 104 Or. 373, 380 (206 Pac. 730, 207 Pac. 1096); *Hall* v. *Emmons,* 11 Abb. Pr. (N. S.) [N. Y.] 435. Under Section 558, Or. L., it is provided that when the appellate court reverses or modifies a judgment or decree of a Circuit Court, it "may direct complete restitution of all property and rights lost thereby." In *McFadden* v. *Swinerton,* 36 Or. 336, 356 (59 Pac. 816, 62 Pac. 12), it is suggested on the authority of *Farmer* v. *Rogers,* 10 Cal. 335, and *Hewitt* v. *Dean,* 91 Cal. 617 (28 Pac. 93, 25 Am. St. Rep. 227), that possibly Section 558, Or. L., applies

"only to those cases where the judgment operates upon specific property in such a manner that its title is not changed, as by directing the possession of real estate, or the delivery of documents, or of particular personal property in the hands of the defendant, and the like."

However, for another discussion of a similar statute, see *Haebler* v. *Myers,* 132 N. Y. 363 (30 N. E. 963, 28 Am. St. Rep. 589, 15 L. R. A. 588), and *Kidd* v. *Curry,* 29 Hun (N. Y.), 215. But whether Section 558, Or. L., is accorded a comprehensive or only a limited construction the statute cannot in either event be said to deprive the Circuit Court of the power of ordering restitution upon a motion filed in that court by a party if the appellate court has not decided that such party is without the right of restitution: *Reynolds* v. *Harris,* 14 Cal. 667 (76 Am. Dec. 459).

5. Every court has inherent power to undo that which it had no power to do or erroneously did originally and, to the extent restoration is possible, to restore the parties to their former positions; and jurisdiction of the Circuit Court to exercise this power remains with it "so long as the parties and the case are properly before it, either in the first instance or when remanded to it by an appellate tribunal." *Northwestern Fuel Co.* v. *Brock,* 139 U. S. 216, 219 (35 L. Ed. 151, 11 Sup. Ct. Rep. 523, 524, see, also, Rose's U. S. Notes); *Hiler* v. *Hiler,* 35 Ohio St. 645; *Elliott's Estate,* 5 Pa. Dist. Rep. 349; *Dodson* v. *Butler,* 101 Ark. 416 (142 S. W. 503, Ann. Cas. 1913E, 1001, 39 L. R. A. (N. S.) 1100); *Flemings* v. *Riddick's Exr.,* 5 Gratt. (Va.) 272 (50 Am. Dec. 119).

6. When the plaintiffs' appeal was presented to this court on the merits we did not speak upon the subject of restitution; nor were we asked to make any order of restitution. Indeed, for aught that now appears the record presented on the appeal did not show a compulsory or any payment of costs and disbursements by the plaintiffs. As a result of the appeal, the decree of the Circuit Court was set aside; and consequently the mandate of the appellate court

enabled the Circuit Court to exercise its inherent power to correct its error and to restore to the plaintiffs all that they had been compelled to lose under the erroneous decree. If the plaintiffs had filed a paper labeled "motion" and the paper had contained the same information as is given in cost bill No. 2 concerning the facts, undoubtedly the Circuit Court would have been authorized to grant an order of restitution. It is true that, strictly speaking, the items now sought to be recovered by the plaintiffs cannot be classified as costs and disbursements; nor can recovery be allowed under the chapter of the Code which treats of costs and disbursements. But the fact that a wrong label is given to the paper should not prevent the plaintiffs from recovering. All the material facts sufficiently appear, and on those facts the plaintiffs are entitled to have restored to them the moneys which they were compelled to pay to the defendant. If the paper had been labeled "indictment," or "deed," or "mortgage," the label would not have made it such; nor does the label "cost bill" make the paper a cost bill if in truth the facts stated in it show it to be something else. The cause was before the Circuit Court. The defendant appeared and objected. All the parties were present and were heard. The Circuit Court had jurisdiction of the cause and of the parties; and therefore to refuse relief to the plaintiffs would be to subordinate a reality to a misnomer and to permit substance to be governed and controlled by mere form. No good reason appears to prevent the court from treating the so-called cost bill No. 2 as the equivalent of a motion and the ruling of the Circuit Court as an order.

Technically speaking, the ruling of the Circuit Court, which was in effect an order of restitution, is

not, standing alone, a judgment or a decree in the sense in which either of those two terms is understood, for a judgment is the end of an action and a decree is the end of a suit.   Nor is it necessary to determine whether an order, which stands alone and is not made a part of a judgment or decree, can be enforced by a writ of execution.   In the instant case when the Circuit Court ruled that the plaintiffs were entitled to recover, the court directed that the amounts allowed to the plaintiffs be inserted in the decree rendered upon the mandate.   This practice was approved in *Hinchman* v. *Ripinsky,* 202 Fed. 625 (121 C. C. A. 35), an appeal from a District Court of the United States for Alaska; and the practice also has our approval: 4 C. J. 1239; *Kennedy* v. *O'Brien,* 2 E. D. Smith (N. Y.), 41.

Affirmed.                                   AFFIRMED.