Argued and submitted July 18, affirmed November 5, 1979

CITIZENS BANK OF OREGON,
*Respondent,*
*v.*
FENN, et al,
*Appellants.*

(No. L78-1039, CA 13097)

602 P2d 305

R. Scott Palmer, Eugene, argued the cause for appellants. With him on the brief were Johnson, Harrang & Mercer, Stanton F. Long and John B. Arnold, Eugene.

Harold D. Gillis, P.C., Eugene, waived appearance for respondent.

Before Schwab, Chief Judge, Thornton,* Buttler and Joseph, Judges.

BUTTLER, J.

---

* Thornton, J., did not participate in this decision.

**BUTTLER, J.**

Defendants appeal from a partial summary judgment entered against them. The appeal presents an abstract, academic question, the determination of which would avail defendants nothing. Therefore, we affirm.

Plaintiff's complaint joins nine causes of action against defendants, eight of which seek payment of the unpaid balance alleged to be due under eight separate promissory notes, in which defendant George S. Fenn is the maker, together with attorney's fees as provided for in each of said notes, and the ninth cause of action is against defendant Frances Fenn, as a guarantor on each of the notes. Each of the defendants filed substantially similar counterclaims for damages in tort arising out of the plaintiff's having allegedly unlawfully disclosed confidential information concerning defendants' financial condition; each prays for both compensatory and punitive damages. Defendants asserted nothing by way of set-off or recoupment which could reduce the amounts plaintiff claimed under the notes. *See Rogue River Management Co. v. Shaw*, 243 Or 54, 411 P2d 440 (1966).

Plaintiff moved for summary judgment. The trial court concluded that there was no genuine issue of a material fact with respect to liability on the notes or the guaranty, or to the principal balances owing under each of the promissory notes, but that there was a genuine issue with respect to attorney's fees to be allowed plaintiff under each of said notes. Defendants do not dispute those conclusions. The court entered a partial summary judgment (ORS 18.125)[1] for the ba-

---

[1] ORS 18.125 provides:

"(1) When more than one demand for relief is presented in a suit or action, whether as multiple causes of suit or action, counterclaims, cross-claims, or third-party actions or suits, or when multiple parties are involved, the court may direct the entry of a final judgment or decree as to one or more but fewer than all of the causes of suit or

lance due under each of the eight promissory notes, together with accrued interest, but reserved the issue with respect to attorney's fees for trial. The judgment, as permitted by the statute, directed that no execution issue on the judgment pending resolution of the defendants' counterclaims. It further stated, as required by the statute, "No just reason exists for delay"[2] and directed the entry of the judgment.

In this court defendants do not deny their liability under the notes or the guaranty, or the amounts owing thereunder, but assign error to the trial court's entering a partial summary judgment on the grounds that: (1) the claim for attorney's fees under each of the notes is indivisible from the causes of action based upon the notes, and (2) the trial court made no specific findings to support its determination that there was no just reason for delaying the entry of judgment. However, defendants paid the full amount thereof, and a satisfaction has been entered of record. Given this posture of the case, we do not understand how our deciding those questions can be of benefit to defendants.

action or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment or decree. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the causes of suit or action or the rights and liabilities of fewer than all the parties shall not terminate the proceeding as to any of the causes of suit or action or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment or decree adjudicating all the causes of suit or action and the rights and liabilities of all the parties.

"(2) When the court has ordered a final judgment or decree under the conditions stated in subsection (1) of this section, the court may stay enforcement of that judgment or decree until the entering of a subsequent judgment or judgments or decree or decrees and may prescribe such conditions as are necessary to secure the benefit thereof to the party in whose favor the judgment or decree is entered."

[2] A principal function of that determination is to make the partial judgment appealable, ORS 19.010, and normally the question as to the trial court's determination that there is no just reason for delay is raised by the respondent. This does not mean that there may not be cases where the person against whom the partial judgment is entered may not raise the issue on appeal even though the anomaly exists that the appellant would be appealing from an order which, if he is correct, is not appealable.

Assuming, arguendo, that we were to hold that the partial summary judgment ought not to have been entered for either or both of the reasons given, defendants would not be entitled to restitution from plaintiff because they admit both liability on the notes and the amounts owing thereunder. This is not a case where an appellant pays a judgment pending appeal where liability or the amount of damages is contested, the reversal of which would entitle defendants to restitution.[3] Defendants' contention that all of the claims, both plaintiff's and defendants', should be resolved before any judgment is entered[4] is beside the point because they have paid what they admittedly owe, although claiming that they have other unrelated causes of action against the plaintiff which could result in a judgment in excess of the amount they owe plaintiff. If they prevail on their counterclaims, they will be entitled to a judgment against plaintiff and may proceed to execute on that judgment, if necessary.

As things stand, any decision we might make with respect to either of defendants' contentions would be abstract or academic because any judgment we could render would be of no efficacy to defendants. Appellate courts do not sit to decide such questions.

Affirmed.

---

[3] *See Coker & Bellamy v. Richey*, 108 Or 479, 484, 217 P 638 (1923), where the court stated:

"When a judgment is vacated after it has been by compulsion paid, the party who was so compelled to pay is entitled to have restored to him all that he lost under the erroneous judgment; and the party to whom such payment was made is obliged to make restoration. The right of restoration is of common law origin and while many of the states have incorporated the right in a statute, it is frequently, if not usually, held that such statutes are merely cumulative * * *." (Citations omitted.)

[4] Defendants apparently contend that ORS 18.100 precludes a partial summary judgment. It does not. That section provides:

"If a counterclaim established at the trial exceeds the plaintiff's demand so established, judgment for the defendant shall be given for the excess; or if it appears that the defendant is entitled to any other affirmative relief, judgment shall be given accordingly."