### McCALL CO. v. WRIGHT.

(Supreme Court, Appellate Division, First Department. December 17, 1909.)

INJUNCTION (§ 158*)—INJUNCTION PENDENTE LITE—DENIAL—CONCLUSIVENESS.

　　The order refusing an injunction pendente lite is res judicata as to the right thereto on facts then existing, and, without leave of court, a subsequent motion cannot be made, unless on facts subsequently arising.

　　[Ed. Note.—For other cases, see Injunction, Cent. Dig. § 341; Dec. Dig. § 158.*]

Appeal from Special Term, New York County.

Suit by the McCall Company against John H. Wright. From an order granting an injunction pendente lite, defendant appeals. Reversed.

See, also, 133 App. Div. 62, 117 N. Y. Supp. 775.

Argued before INGRAHAM, LAUGHLIN, CLARKE, HOUGHTON, and SCOTT, JJ.

S. Clinton Crane, for appellant.

William P. Chapman, Jr., for respondent.

HOUGHTON, J. The defendant entered into the employ of the plaintiff under a written contract which extended from the period of six years from January 1, 1909, unless terminated by the plaintiff itself, and by the terms of which the defendant, during the life of the

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

contract, agreed not to enter into the employ of any rival concern. The plaintiff alleges that within one month after the commencement of the term the defendant, without cause, left the plaintiff's employ and entered that of a rival establishment. Thereupon this action was brought to restrain him from continuing therein. The defendant demurred to the plaintiff's complaint, and this court held that a good cause of action was stated. McCall Co. v. Wright, 133 App. Div. 62, 117 N. Y. Supp. 775. During the pendency of such demurrer, and the appeal thereon, the plaintiff made a motion for the granting of an injunction pendente lite, which motion was denied; the order of denial being entered on the 26th day of March, 1909. The plaintiff appealed to this court from such refusal to grant an injunction, which appeal was dismissed, on defendant's motion, by order entered June 18, 1909. Thereafter, and without obtaining any leave therefor, the plaintiff made another motion for an injunction pendente lite, which was granted, and from which the defendant appeals.

Although the facts may have been amplified on the second application, the same general grounds of relief must have been invoked on the first application that were invoked in the last. The affidavit of defendant's attorney, used in opposition to the motion upon which the order appealed from was granted, states that on the former application every material fact presented on the last application for an injunction was before the court, and this assertion does not appear to be controverted. The ground urged for dismissing the appeal from the first order, which refused to grant an injunction during the pendency of the action, was that after such refusal the plaintiff had amended its complaint, which amended complaint had superseded the one upon which the application for injunction was founded. The plaintiff's attorney submitted his affidavit in opposition to such motion to dismiss the appeal, and stated that the amended complaint did not in the slightest degree change the nature of the cause of action stated in the original complaint, which set forth an action for an injunction restraining the defendant from violating his covenant not to enter into the employ of any competing concern, and that precisely the same cause of action was incorporated in the amended complaint, which merely fortified and amplified some of the former allegations.

This being the state of affairs it is apparent that, without leave to renew, the plaintiff could not make a second motion for an injunction pendente lite, based on the same general grounds upon which he was previously defeated. Such practice is but an appeal from one Special Term to another, which the law does not permit. As long as the original order refusing an injunction during the pendency of the action remained unreversed, it was res adjudicata of the question as to the right of the plaintiff to an injunction based upon the facts as then existing. No subsequent motion could be made therefor, unless upon facts subsequently arising, without leave of the court, based upon some proper ground for allowing another motion to be made for the same relief.

Irrespective of the merits, therefore, the order appealed from must be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.