(82 Misc. Rep. 441.)

DRESCHER ROTBERG CO. v. LANDEKER.

(Supreme Court, Appellate Term, First Department. November 13, 1913.)

1. JUDGMENT (§ 653*)—CONCLUSIVENESS—NATURE OF PROCEEDING—MOTION.
    Plaintiff having recovered a verdict, it was set aside, the complaint dismissed, and judgment for costs awarded defendant, who issued execution on which the costs were collected. Plaintiff appealed, and the judgment was reversed and a new trial ordered, whereupon plaintiff moved in the appellate court for an order for restitution of the costs. The motion was denied, with leave to renew after final determination of the action in the lower court. *Held*, that the decision of the motion for restitution was in the nature of a judgment, and was a bar to an action to recover the costs so paid, prior to the final determination of the original action.
    [Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1160; Dec. Dig. § 653.*]

2. COSTS (§ 279*)—EXECUTION—ORDERS ENFORCEABLE.
    An order granting restitution of costs collected under a judgment dismissing a complaint, on reversal thereof, may be enforced by execution.
    [Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 1061–1071; Dec. Dig. § 279.*]

3. APPEAL AND ERROR (§ 1208*)—REVERSAL—RESTITUTION.
    Where costs have been collected under a judgment dismissing a complaint, which is subsequently reversed on appeal, plaintiff may recover the costs so paid, either by a motion in the action or by a new action for such relief.
    [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4701–4709; Dec. Dig. § 1208.*]

Appeal from Municipal Court, Borough of Manhattan, Eighth District.

Action by the Drescher Rotberg Company against Adolph H. Landeker. Judgment for plaintiff, and defendant appeals. Reversed, and complaint dismissed without prejudice.

Argued October term, 1913, before SEABURY, GUY, and BIJUR, JJ.

Taylor & Fatt, of New York City (Isidore Fatt, of New York City, of counsel), for appellant.

Benjamin I. Shiverts, of New York City, for respondent.

GUY, J. The material facts in this case are undisputed. The plaintiff herein began an action against the defendant in the City Court. The trial resulted in a verdict in favor of the plaintiff, which was set aside by the trial judge, the plaintiff's complaint dismissed, and a judgment for costs awarded the defendant. The defendant issued an excution, and those costs were collected. The plaintiff appealed to this court, and upon the hearing of the appeal the judgment in favor of the defendant was reversed and a new trial ordered in the City Court. The plaintiff then applied to this court for an order to show cause why an order of restitution should not be granted, directing the defendant to return to him the costs awarded in the City Court and collected upon the execution issued by the defendant. The motion was heard and an order entered denying the motion, with leave to renew the same after

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the final determination of the action in the City Court. Thereafter the plaintiff brought this action in the Municipal Court to recover the costs paid by it under the execution, and has obtained a judgment.

[1, 2] It·was conceded upon the trial of this action that the action in the City Court is still pending undetermined. The claim of the appellant herein is that the order of this court denying the plaintiff's motion for an order of restitution precludes the plaintiff from bringing an action in the Municipal Court until the final determination of the City Court action. In this contention we agree. The decision of the motion for restitution is in the nature of a judgment, and it has been held that under certain circumstances the granting of such an order is imperative. Lott v. Swezey, 29 Barb. 87. Had the order been granted, it could have been enforced by execution. The decision of the motion could not have been made by this court without involving the particular matter in controversy in the Municipal Court, and therefore the right of the plaintiff to the relief asked for must be deemed to have been settled until another or different situation arose. To litigate the matter again would be to impeach the first decision. Williams v. Barkley, 165 N. Y. 48, 58 N. E. 765; McCall v. Wright, 135 App. Div. 424, 119 N. Y. Supp. 1011.

[3] There is no doubt that the result of a litigation which takes the form of a motion may constitute a bar to another action involving the same question. Everett v. Everett, 180 N. Y. 461, 73 N. E. 231. That in the first instance the plaintiff had a right of either form of action cannot be doubted (Kidd v. Curry, 29 Hun, 216); but, having elected to resort to its motion, it is bound by the decision thereon. None of the cases cited by respondent hold otherwise, although it has been held that the pendency of an action did not preclude resort by motion for the same relief. Market Nat. Bank v. Pacific Bank, 102 N. Y. 464, 7 N. E. 302.

Judgment reversed, with costs, and complaint dismissed, with costs, without prejudice to a new action after final determination of the City Court action. All concur.