PHILIP WARREN, Plaintiff, *v.* LOUIS GOLDSTEIN, Defendant.

Supreme Court, Special Term, New York County, May 18, 1951.

*Philip Warren,* plaintiff in person.

*Nathaniel L. Goldstein, Attorney-General (Irving L. Rollins* of counsel), for defendant.

STEUER, J.   The action as described in the notice of motion is for slander and libel.   The defendant is a Judge of the County Court of Kings County.   The Attorney-General has filed a notice of appearance on his behalf.   The motion is to strike out this notice of appearance.

The Attorney-General's duties and authority are derived from statute (Executive Law, § 62) and as far as are pertinent here provide that he shall protect the interests of the State in all litigation.   This goes to the extent of appearing for an officer of the State who is sued for an act done in his official capacity. A County Judge is an officer of the judicial system of the State and is one of those officers whom the Attorney-General is required to represent.   That duty is not to represent him personally but only as to the consequences of his official acts.

The next question is whether the complaint rests on acts done in connection with the defendant's judicial office or in his private capacity.   On that the complaint is not as clear as it might be.   There are two pertinent paragraphs.   One refers to an argument made in open court, portions of which are set out verbatim, in which an attorney referred to plaintiff as having been in and out of mental institutions for many years, to which statement the defendant stated that he understood that this was the situation.   It is alleged that these statements are incorporated in a written record, and the statement by defendant is alleged to have been made knowing that the prior statement of the attorney was false.   In addition the complaint sets out other statements, claimed to be defamatory, made by defendant in various public places other than courtrooms.

Though there is only one cause of action pleaded it would appear that plaintiff seeks to recover for a libel and for slanders. Such is the description of the complaint in the notice of motion. The sole reference to a written publication is to the record of the court proceedings.   If this is the libel complained of it certainly took place in the course of defendant's official duties. As such the Attorney-General is obligated to defend him.

The same would not be true if the statements made out of court were the sole grounds of relief.   The mere fact, however, that these are coupled with the libel claim does not change the situation.   Being properly the defendant's attorney the Attorney-General would not be barred from defending him on them also.

Motion denied.