Gustave B. GARFIELD, Plaintiff,

v.

Edmund PALMIERI, Defendant.

No. 60-C-637.

United States District Court
E. D. New York.

Nov. 22, 1960.

See, also, 193 F.Supp. 137.

BARTELS, District Judge.

Motion by defendant to dismiss the complaint herein for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b) (6), Fed.Rules Civ.Proc., 28 U.S.C.A.

Plaintiff is counsel for Fleischer in a case entitled "Fleischer v. A. A. P., Inc." now pending in the Southern District of New York. In this proceeding plaintiff made two motions, each before a different Judge, the first, to disqualify A.A.P.'s attorneys from participating in the action, and the second, to enjoin said attorneys *pendente lite*. Both motions were denied and upon appeal to the Court of Appeals for this Circuit that Court in February, 1959 dismissed the appeals (one Judge dissenting).[1] After describing the appeals as "dreary and acrimonious proceeding" (at page 516) Judge Clark stated:

> "Even though the case thus cannot be accepted on the merits, we have necessarily had to explore them to reach our conclusion; and because conduct of members of the bar has been so severely questioned, we note our concurrence with the conclusions of the two district judges that respondents have done nothing improper. *The strictures are unjustified and unworthy.*" At pages 517–518. (Emphasis added.)

Thereafter, on April 13, 1959, the defendants in Fleischer v. A. A. P., Inc. moved before Judge Palmieri (named as the defendant herein) to dismiss the amended complaint on various grounds. During oral argument upon that motion counsel for one of said defendants stated that the Court of Appeals had previously rebuked Fleischer's counsel, plaintiff herein. Thereupon plaintiff rose to a "point of personal privilege", stating that the remark of Judge Clark was *obiter*, addressed to Fleischer and not his counsel, and was irrelevant to the motion before the Court. Judge Palmieri stated that it was his belief that plaintiff had

Gustave B. Garfield, New York City, pro se.

Cornelius W. Wickersham, Jr., U. S. Atty., E. D. of New York, Brooklyn, N. Y., for defendant. James M. Fitzsimons, Asst. U. S. Atty., Brooklyn, N. Y., of counsel.

1. Sub nom. Fleischer v. Phillips, 264 F. 2d 515, certiorari denied sub nom. Fleischer v. Benjamin, 359 U.S. 1002, 79 S.Ct. 1139, 3 L.Ed.2d 1030.

been rebuked, whereupon plaintiff moved to disqualify Judge Palmieri, filing an affidavit pursuant to 28 U.S.C.A. § 144. Judge Palmieri then filed a written opinion * with the Clerk of the Court in which he denied the application for disqualification and rendered a decision on the motion to dismiss the complaint. In that opinion he held that the application was legally insufficient and stated that Judge Clark's remark was plainly addressed to counsel and not his client, and that even if the remark were *obiter* that fact would serve to make the rebuke all the more forceful. He concluded that should his construction of that remark be erroneous, such error would not be a ground for disqualification since it did not tend to show that the Judge had a "personal 'bent of mind' for or against a litigant."

Plaintiff herein commenced the instant action in July of this year claiming, among other things, that Judge Palmieri under color of official authority had committed an act of oppression against him by making and publishing a "false and malicious" libel against him, and causing the same to be filed as a public document in the office of the United States District Court, Southern District of New York, thereby damaging plaintiff in his reputation as an attorney and injuring him in the civil rights guaranteed to him by the Fifth Amendment to the Constitution. Plaintiff seeks a judgment (a) declaring that portion of Judge Palmieri's opinion referring to the denial of the motion to disqualify, "false, malicious and libelous", rendered without jurisdiction and in deprivation of plaintiff's constitutional rights, (b) directing the Clerk of the United States District Court for the Southern District of New York to expunge such statements from the record of the Court, and (c) for such other order as would be suitable to vindicate plaintiff's rights. Judge Palmieri, represented by the United States Attorney for the Eastern District of New York, now moves to dismiss the action for failure to state a claim upon which relief can be granted.

At the threshold it is incumbent upon the Court to decide the jurisdictional basis for the action. The complaint, a conglomeration of superfluous allegations and evidentiary facts, predicates jurisdiction upon (i) 28 U.S.C.A. § 1343(4) [2], (ii) 28 U.S.C.A. § 2201 [3], (iii) 42 U.S.C.A. § 1988 [4], and (iv) that provision of the Fifth Amendment which provides that no person shall "be deprived of life, liberty, or property, without due process of law." Except for the alleged violation of plaintiff's constitutional rights, there is no merit to plaintiff's other allegations in support of this Court's jurisdiction. In a nutshell, plaintiff claims that his right to practice law, which is his means of earning a livelihood, has been seriously impaired by the Judge's allegedly false opinion which he states was ren-

---

* The opinion was subsequently published, 180 F.Supp. 717, 720, but no claim based upon publication is made herein.

2. This section grants jurisdiction to the court over suits "to recover damages or to secure equitable * * * relief [arising] under any Act of Congress providing for the protection of civil rights". No Act of Congress has been pleaded by plaintiff or discovered by the Court which provides relief for the alleged invasion of plaintiff's rights. See Williams v. Yellow Cab Co. of Pittsburgh, Pa., 3 Cir., 200 F.2d 302, certiorari denied sub. nom. Dargan v. Yellow Cab Co. of Pittsburgh, Pa., 346 U.S. 840, 74 S.Ct. 52, 98 L.Ed. 361.

3. The Declaratory Judgment Act, by its own terms, does not enlarge the jurisdiction of this Court but deals with cases "of actual controversy within its jurisdiction." Skelly Oil Co. v. Phillips Petroleum Co., 1950, 339 U.S. 667, 70 S. Ct. 876, 94 L.Ed. 1194.

4. "* * * This section has reference not to the extent or scope of jurisdiction, nor to the rules of decision, but to the forms of procedure and remedy." Schatte v. International Alliance of Theatrical Stage Employees and Moving Picture Operators of United States and Canada, D.C.Cal.1947, 70 F.Supp. 1008, 1010, affirmed 9 Cir., 165 F.2d 216, certiorari denied 334 U.S. 812, 68 S.Ct. 1018, 92 L.Ed. 1743. See also In re Stupp, C.C.N.Y.1875, 23 Fed.Cas. page 296, No. 13,563.

dered without jurisdiction and that such action is tantamount to a deprivation of property without due process.

 A complaint so drawn as to seek recovery for an invasion of plaintiff's constitutional rights vests jurisdiction in this Court and enables it to decide whether or not the claim has any merit. Bell v. Hood, 1946, 327 U.S. 678, 681–682, 66 S.Ct. 773, 90 L.Ed. 939. This is apparently true even though the claim might be patently frivolous. Montana-Dakota Utilities Co. v. Northwestern Public Service Co., 1951, 341 U.S. 246, 249, 71 S.Ct. 692, 95 L.Ed. 912; cf. Drawdy Investment Co. v. Leonard, 5 Cir., 1958, 261 F.2d 226. Under these circumstances the failure of the complaint to state a cause of action will not be jurisdictional but will call for a judgment on the merits which will be *res judicata.*

 The basis for the motion to dismiss is the defense of judicial immunity apparent on the face of the complaint. Inherent in the very nature of the independent administration of justice is the complete immunity of a judge in the exercise of his judicial function. The principle exempting judges of courts of record from prosecution or suits for any illegal act performed during the course of a judicial proceeding over which he had jurisdiction has deep roots in the common law. Its history has been traced in the much cited and leading case of Bradley v. Fisher, 1871, 13 Wall. 335, 80 U.S. 335, 20 L.Ed. 646. In that case plaintiff, an attorney, brought an action against defendant, a Justice of the Supreme Court of the District of Columbia, for damages arising out of the action of the defendant in striking plaintiff's name from the roll of attorneys after plaintiff had threatened defendant with chastisement as he was leaving the bench. In affirming judgment for defendant, Mr. Justice Field enunciated the doctrine of judicial immunity in these words:

"The exemption of judges of the superior courts of record from liability to civil suit for their judicial acts, existing when there is jurisdiction of the subject-matter, though irregularity and error attend the exercise of the jurisdiction, the exemption cannot be affected by any consideration of the motives with which the acts are done. The allegation of malicious or corrupt motives could always be made, and if the motives could be inquired into, judges would be subjected to the same vexatious litigation upon such allegations, whether the motives had or had not any real existence. * * *" 13 Wall. at page 354, 80 U.S. at page 354.

adding a qualification, however, that:

"* * * A distinction must be here observed between excess of jurisdiction and the clear absence of all jurisdiction over the subject-matter. Where there is clearly no jurisdiction over the subject-matter, any authority exercised is a usurped authority, and for the exercise of such authority, when the want of jurisdiction is known to the judge, no excuse is permissible. * * *" 13 Wall. at pages 351–352, 80 U.S. at pages 351–352.

This is a long recognized principle which has been repeated and applied by many subsequent authorities. The scope of the judicial immunity is subject only to the qualification that the act must have been a judicial act. If the act is performed in connection with the judicial function of the judge, it falls within the scope of the immunity even though it may have been done maliciously or corruptly. Bradley v. Fisher, supra; Murray v. Brancato, 1943, 290 N.Y. 52, 57, 48 N.E. 2d 257, 146 A.L.R. 906.

 Thus in this case, if the defendant had jurisdiction over the subject-matter of his opinion, his defense is impregnable. Here plaintiff made a motion to disqualify the defendant. From his papers plaintiff is obviously proceeding upon the theory that once plaintiff made his motion to disqualify defendant no longer had jurisdiction over the subject-

matter of the case.[5] Nothing could be more erroneous since the making of the motion by plaintiff compelled defendant to examine plaintiff's affidavit requesting disqualification in order to ascertain whether it was sufficient as a matter of law.[6] In denying the application defendant had the right, if not the duty, to set forth his reasons for the denial. Jurisdiction being clear on the face of the complaint, the defense of immunity is valid.[7]

 Even if plaintiff be correct and defendant lacked jurisdiction over the subject-matter when he made the challenged statement, plaintiff would still find himself between Scylla and Charybdis, since defendant would be acting individually and not within the scope of his duties. Under this hypothesis defendant would no longer be acting in a governmental capacity and hence his individual conduct would not constitute a violation of the Fifth Amendment. This was demonstrated in the case of Bell v. Hood, D.C.Cal.1947, 71 F.Supp. 813, upon remand from the Supreme Court where recovery was sought against certain Federal Bureau of Investigation agents for invasion of plaintiff's constitutional rights. In denying recovery, Judge Mathes said (at page 817):

"* * * The defendants are sought to be held as individuals, not as federal officers. But inasmuch as the prohibitions of the Fourth and Fifth Amendments do not apply to individual conduct, the Amendments themselves, when violated, cannot be the basis of any cause of action against individuals."

The defense of judicial immunity being clear and no federally protected right having been invaded, the motion to dismiss the complaint must be granted.

to remain mute when, in his view, an improper interpretation of a legal opinion is made on oral argument. That the statement was irrelevant to the merits of the motion is immaterial (see Karelas v. Baldwin, 1932, 237 App.Div. 265, 261 N.Y.S. 518) and is not the equivalent to the absence of jurisdiction for the statement. If this were not so, any statement made by a court by way of *obiter dictum* would be outside the area of privilege and would result in the evils which the rule of Bradley v. Fisher, supra, intended to prevent.

---

5. Complaint, paragraph 7.

6. Eisler v. United States, 1948, 83 U.S. App.D.C. 315, 170 F.2d 273; United States v. Lattimore, D.C.D.C.1954, 125 F.Supp. 295; Green v. Murphy, 3 Cir., 1958, 259 F.2d 591.

7. Similarly, the oral statement of defendant that he believed that the Court of Appeals had rebuked plaintiff was made after plaintiff rose in open court and advanced a construction of that opinion which was regarded as improper. There is no authority which requires a judge