Richard J. MARTIN,
v.
Charles E. WYZANSKI, Jr.
and
Francis J. Hunt.
Civ. A. No. 61–61.

United States District Court
D. Massachusetts.

March 6, 1961.

**932**

Lawrence F. O'Donnell, Boston, Mass., for plaintiff.

Elliot L. Richardson, U. S. Atty., Geo. H. Lewald, Asst. U. S. Atty., Boston, Mass., for defendant.

CAFFREY, District Judge.

On or about January 10, 1961, petitioner Richard J. Martin filed a bill in equity in Suffolk County Superior Court, Commonwealth of Massachusetts, alleging that the respondents Charles E. Wyzanski, Jr. and Francis J. Hunt conspired to divest him of valuable property rights acquired by him while an official court reporter for the United States District Court for the District of Massachusetts. The bill also alleged embezzlement by the respondent Francis J. Hunt and prayed for the assessment of money damages against both respondents and for certain other equitable relief.

On January 19, 1961, a petition for removal of the above-entitled case was filed in the office of the Clerk of this court, together with copies of process served and pleading filed in the State court and a removal bond. Thereafter, on January 31, counsel for the respondent Francis J. Hunt filed a motion to strike and a motion to dismiss; on February 6, counsel for the petitioner filed a motion to remand the case to the State court; and on February 17, counsel for the respondent Charles E. Wyzanski, Jr. filed a motion to dismiss, with a supporting memorandum of law.

Petitioner's motion to remand and respondent Charles E. Wyzanski, Jr.'s motion to dismiss came on before the Court for oral argument on February 27.

**On the Motion to Remand**

Petitioner's motion to remand makes the bald assertion, "this court is without jurisdiction to hear and determine the cause." During oral argument the alleged lack of jurisdiction was not related either to the non-existence of or the non-compliance by the respondent with a statute supplying removal jurisdiction. The petitioner likewise failed to call the Court's attention to any case tending to support the motion to remand. On the other hand, counsel for the respondent Charles E. Wyzanski, Jr., in the petition for removal of the case from the State court to this court, set forth 28 U.S.C.A. §§ 1441, 1442, as the jurisdictional basis thereof; alleged, likewise, full compliance with 28 U.S.C.A. § 1446; and made the statement, which is unchallenged, that at all material times the respondent Charles E. Wyzanski, Jr., is and has been a Judge of the United States District Court for the District of Massachusetts, and that at all material times he was acting solely under the color of his office as a judge of the United States District Court. The removal petition alleged that respondent Charles E. Wyzanski, Jr. received an offi-

cial assignment to supervise the official court reporters pursuant to the rules of this court, and a photostatic copy of Chief Judge Sweeney's letter making the assignment pursuant to a meeting of the full court held in January, 1960, was filed as an appendage to said respondent's memorandum in support of his motion to dismiss.

■ It appears from the face of the bill in equity that at all material times the petitioner Richard J. Martin was a court reporter for the United States District Court for the District of Massachusetts and that the respondent Francis J. Hunt was the chief court reporter thereof. 28 U.S.C. § 1442(a) (1) says:

"A civil action * * * commenced in the State court against any of the following persons may be removed by them to the District Court of the United States for the District * * * wherein it is pending.

(1) any officer of the United States or any agency thereof * * * for any act under color of such office."

On the face of petitioner's bill in equity there can be no doubt whatsoever that at all times material to this case the respondent Charles E. Wyzanski, Jr. was acting under color of his office as a United States District Judge and that this case was properly removed from the Suffolk County Superior Court to this court.

The motion to remand is denied.

### On the Motion to Dismiss

■ Petitioner filed no brief in opposition to the motion to dismiss, and upon oral argument of this motion petitioner's first contention was that the assignment of the respondent Charles E. Wyzanski, Jr. to supervise the court reporters, made by Chief Judge George C. Sweeney on January 25, 1960, is invalid. The letter of designation appears as Exhibit A to respondent's memorandum of law. Petitioner argues that 28 U.S.C.A. § 753, cited by counsel for the respondent as the basis for the court's order, could not

and did not empower a district court to make such a designation legally. Petitioner's only argument in support of this contention was based on the *ejusdem generis* principle of statutory construction, the claim being that Sections 28 U.S.C.A. § 753(b), (e), and (f), contain language which on the basis of said principle require a construction of 753(c) as not being broad enough to authorize the designation in question. I find this contention inapposite to the facts of this case and unsupported by the clear language of Section 753(c).

Petitioner's next contention is that the action complained of on the part of the respondent was not action which merely exceeded his judicial authority, but action taken in an area where he had no authority. This is said to be so because the actions complained of in the instant case were not taken with regard to a specific case or controversy pending before him upon which he was scheduled to make a decision or ruling. Petitioner's contention, in substance, reduced to a single proposition of law, is that while concededly a federal district judge has immunity to civil liability in the exercise of those of his judicial functions which go to the actual decision of a case or controversy, he does not have that same immunity in those of his judicial functions which go to the exercise of an administrative, as distinguished from a decision-making, function.

No authority, statutory or case law, was cited by counsel for petitioner in support of this novel distinction and an examination and review of the reasoning of the cases which have established the doctrine of judicial immunity teaches us that this contention is without legal merit.

The public interest in the immunity of judges to civil liability in the discharge of their judicial functions has been a part of our jurisprudence since ancient times. Indeed, in 1871, the Supreme Court of the United States had occasion to remind us of the ancient origins of this privilege in Bradley v. Fish-

er, 13 Wall. 335, at page 347, 20 L.Ed. 646, where the Court said:

"The principle, therefore, which exempts judges of courts of superior or general authority from liability in a civil action for acts done by them in the exercise of their judicial functions, obtains in all countries where there is any well-ordered system of jurisprudence."

The Supreme Court recently had occasion to reiterate and reaffirm the validity and vitality of this privilege in Barr v. Matteo, 1959, 360 U.S. 564, at page 569, 79 S.Ct. 1335, 1338, 3 L.Ed.2d 1434, reminding us that

"Judges of courts of superior or general authority are absolutely privileged as respects civil suits to recover for actions taken by them in the exercise of their judicial functions, irrespective of the motives with which those acts are alleged to have been performed * * *."

The Supreme Court in the Barr v. Matteo case likewise called to our attention the reasons for the recognition of the privilege, saying, 360 U.S. at page 571, 79 S.Ct. page 1339:

"It has been thought important that officials of government should be free to exercise their duties unembarrassed by the fear of damage suits in respect of acts done in the course of those duties—suits which would consume time and energies which would otherwise be devoted to governmental service and the threat of which might appreciably inhibit the fearless, vigorous, and effective administration of policies of government, * * * The privilege is * * * an expression of a policy designed to aid in the effective function of government."

It is a matter of common knowledge that the vast growth in the volume of Federal litigation over the years has carried with it the absolute necessity that Federal judges perform and discharge certain administrative duties incident to the proper functioning of the courts over and above presiding at trials. Suffice it to say that the public interest in effective functioning of government and the efficient administration of justice would be as seriously prejudiced if judges were exposed to liability for administrative acts performed in the course of their official duties as it would be if judges were without immunity as regards the remainder of their judicial duties.

In Gregoire v. Biddle, 2 Cir., 177 F.2d 579 at page 581, Judge Learned Hand brought the question of scope of official duties into sharp focus, saying;

"What is meant by saying that the officer must be acting within his power cannot be more than that the occasion must be such as would have justified the act, if he had been using his power for any of the purposes on whose account it was vested in him. * * * "

Nothing in any case, or other authoritative source, called to this Court's attention, suggests that the words "judicial functions," which appear both in the Bradley v. Fisher and Barr v. Matteo opinions of the Supreme Court of the United States, should be given the narrow construction contended for by the petitioner. On the contrary, I am persuaded that the public interest in the effective functioning of the courts calls for a rejection of such a distinction.

Applying this reasoning to the facts of the instant case, this Court is of the opinion that it is clear that at all material times the respondent Charles E. Wyzanski, Jr. was acting only in his capacity as judge of the United States District Court for the District of Massachusetts, as supervisor of the official court reporters, pursuant to a properly made designation of the district court.

The complaint is dismissed as to the respondent Charles E. Wyzanski, Jr.