Corinne C. WATERMAN, Plaintiff,

v.

Harry ANENBERG, Joseph M. Levy, Precilla Hall, Officers, Servant of and I.L. & L. Realty Corporation, Estate of Charles E. Russell, Samuel Samuels, Irving P. Kartell, Frank Samansky, of Each Their Respective Estates and Assigns, et al., Defendants.

No. 61-C-466.

United States District Court
E. D. New York.
Aug. 14, 1961.

**12**

Louis J. Lefkowitz, Atty. Gen. of New York, for defendants Kartell and Samansky, Philip Watson, Asst. Atty. Gen., of counsel.

Corinne C. Waterman, plaintiff, pro se.

BARTELS, District Judge.

Motion by defendants Irving P. Kartell and Frank Samansky, Justices of the Municipal Court of the City of New York, for dismissal of the complaint against them, pursuant to Rule 12(b) (6), Fed. Rules Civ.Proc., 28 U.S.C.A., on the grounds that the complaint fails to state facts upon which relief can be granted because the acts charged for which plaintiff seeks damages were performed by said defendants in their judicial capacity, and hence the defendants are immune from suit.

Unfortunately, the plaintiff has not engaged counsel to represent her, but has chosen to represent herself and has prepared her own complaint and brief *pro se*. The Municipal Court proceedings which are the genesis of the instant action were summary proceedings against plaintiff instituted by her landlord, the first of such proceedings having been brought before Justice Kartell, the second subsequently before Justice Samansky. The present complaint, predicated upon the Civil Rights Act, 42 U.S.C.A. §§ 1983 et seq., seeks damages in the amount of $11,700 on the grounds that Justices Kartell and Samansky as well as the other defendants "connivingly, corruptly and collusively conspired against plaintiff, to deprive and defraud her of rights to redress" in that the moving defendants did not permit her to raise certain defenses and counterclaims in said summary proceedings when they were *sub judice* before them. Plaintiff's remedy was an appeal from the Municipal Court judgments, not a proceeding of this type. Moreover, there is no merit in her objection that the Attorney General has no authority to represent these defendants. See Warren v. Goldstein, 1951, 200 Misc. 194, 105 N.Y.S.2d 159; Constitution of the State of New York, Art. VI, § 17; Judiciary Law, McKinney's Consol. Laws, c. 30, § 2.

It is elementary that the moving defendants were clothed with judicial immunity when they performed the alleged acts. As was stated by Mr. Justice Brewer, sitting as a *Circuit Judge* in Cooke v. Bangs, C.C.D.Minn.1887, 31 F. 640, 642:

"* * * With respect to all judicial officers,—justices of the peace, as well as judges of the higher courts, —the settled law of the supreme court of the United States, * * * is that, where they act within their jurisdiction, they are not amenable to any civil action for damages. No matter what their motives may be, they cannot be inquired into."

See also Bradley v. Fisher, 1871, 13 Wall. 335, 80 U.S. 335, 354, 20 L.Ed. 646. The enactment of the Civil Rights Act has in no way vitiated or reduced this judicial immunity. Morgan v. Sylvester, D.C. N.Y.1954, 125 F.Supp. 380, affirmed, 2 Cir.1955, 220 F.2d 758; Francis v. Crafts, 1 Cir.1953, 203 F.2d 809; Garfield v. Palmieri, D.C.E.D.N.Y.1960, 193 F.Supp. 582, affirmed, 2 Cir., 290 F.2d 821; Garfield v. Palmieri, D.C.S.D.N.Y. 1961, 193 F.Supp. 137.

Motion granted. Settle order within four days on two days' notice.