Ottis Mayo JONES

v.

The FIRE & CASUALTY INSURANCE COMPANY OF CONNECTICUT et al.

Civ. No. 10982.

United States District Court
D. Connecticut.

April 5, 1967.

---

4. Now recodified at 5 U.S.C. § 557(c). See footnote 3, supra.

Ottis Mayo Jones, pro se.

Joseph R. Cruciani, Asst. U. S. Atty., Charlotte, N. C., for defendants.

## RULING ON MOTION FOR ORDER QUASHING INTERROGATORIES

BLUMENFELD, District Judge.

The plaintiff has addressed interrogatories under Rule 31, Fed.R.Civ.P., to the United States District Judge before whom his criminal case in North Carolina was tried to a jury. This motion to quash the interrogatories was entered on behalf of the judge by the United States Attorney for the Western District of North Carolina.[1] Although the questions for the most part are argumentative, repetitive and harassing (most of them seek matters easily found as a matter of public record, viz, numbers 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11 and 13), the motion to quash is granted on a broader ground.

██ To put the issues on this motion in perspective, it is worth recalling that when the plaintiff Jones first tried to sue Judge Warlick and two other federal officials, their motion for summary judgment was granted on the obvious and firmly entrenched ground that federal public officials are not subject to civil suit for acts performed by them in the course of their official duties. Jones v. Warlick, Civil No. 2006 (W.D.N.C.1965), aff'd, 364 F.2d 828 (4th Cir. 1966) (per curiam). See also Garfield v. Palmieri, 193 F.Supp. 137 (S.D.N.Y.1961), aff'd, 297 F.2d 526 (2d Cir.), cert. denied, 369 U.S. 871, 82 S.Ct. 1139, 8 L.Ed.2d 275 (1962); Garfield v. Palmieri, 193 F. Supp. 582 (S.D.N.Y.1960), aff'd, 290 F. 2d 821 (2d Cir.) (per curiam), cert. denied, 368 U.S. 827, 82 S.Ct. 46, 7 L.Ed.2d 30 (1961). Even where a suit rests on diversity jurisdiction, the issue of judicial immunity of federal judges is solely a question of federal law. Garfield v. Palmieri, supra, 193 F.Supp. 137; accord, Howard v. Lyons, 360 U.S. 593, 79 S.Ct. 1331, 3 L.Ed.2d 1454 (1959).

██ The rules protecting judges from civil suit are also significant where dis-

---

1. In his objection to this motion, Jones states that the government attorney has no standing. The judge is a member of the government, and as such, the United States Attorney is his counsel. The objection is fatuous.

covery of matters occurring in the course of a judge's conduct in the course of his official duties is sought from him for use in a suit to which he is not a party. The Supreme Court has pointed out that a privilege from suit "is not a badge or emolument of exalted office, but an expression of policy designed to aid in the effective functioning of government." Barr v. Mateo, 360 U.S. 564, 572–573, 79 S.Ct. 1335, 3 L.Ed.2d 1434 (1959). (For a detailed analysis of the history of judicial immunity see Yaselli v. Goff, 12 F.2d 396 (2d Cir. 1926), aff'd, 275 U.S. 503, 48 S.Ct. 155, 72 L.Ed. 395 (1927) (per curiam).)

The above rationales are equally applicable to time-consuming interrogatories and depositions. For every satisfied litigant, a plethora of dissatisfied suitors springs vociferously to the fore. Not all the dissatisfaction is channeled in the same direction, of course. Some desire to impugn the judge, others the jury, and another group attacks the prosecutor. In this case, the suit is against a witness whose testimony was adverse to the plaintiff. In the plaintiff's attempt to build a case against the witness for allegedly testifying falsely, he seeks by indirection to obtain from the judge what is within the immunity cloak.

Jones' own questions provide an extreme example of harassment, rudeness, and crudity in the attempt to penetrate that immunity:

> Interrogatory No. 12: "Please state whether you knowingly allowed plaintiff to be convicted on false testimony? [sic]"

> Interrogatory No. 13: "Please show whether, after having been duly disqualified because of your bias and prejudice you told the jury to find plaintiff guilty in the following language * * *."

Distinguishing interrogatories sought in a suit against the witness from those which might be sought in a suit against the judge would not lead to a different result. There are not two conceptual areas.

Considering the sanctions provided in Rule 37 for refusal to answer, the thought of one judge—perhaps a judge of an inferior court, or of a different jurisdiction—trying to enforce an order that other judges explain their official conduct by answering interrogatories to persons such as Jones is too nightmarish to discuss. Such enforcement proceedings would result in the very same litigious burdens from which judges are held to be relieved.

The motion to quash is granted.

So ordered.