■ JUDITH A. BROWN v. BARRY K. BROWN.— Motion denied. Defendant has sought and been granted the same relief in the Supreme Court, Special Term, as is sought by this motion. An appeal from the order of the Supreme Court has been taken, and defendant by this motion cannot be allowed to circumvent such appeal. He should be bound by his election to proceed in the Supreme Court (cf. *Drescher Rotberg Co.* v. *Landeker,* 82 Misc. 441). Concur — McGivern, J. P., Markewich, Nunez, McNally and Steuer, JJ.

## (May 13, 1969)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ROBERT EPPS, Petitioner.— The mandate of commitment (designated "mandate of order") rendered in the Court of General Sessions on May 22, 1962 adjudging Robert Epps (defendant-petitioner) guilty of criminal contempt, is modified, on the law, to provide that he shall be adjudicated guilty of a single contempt in the refusal as a witness to answer questions concerning his education, of a single contempt in his refusal to answer questions concerning his employment, and of a single contempt in his refusal to answer all further questions, with a sentence of 30 days, to run consecutively, as to each of said three contempts; and the mandate otherwise confirmed, without costs and disbursements. Although we note that this alleged proceeding, as an article 78 proceeding, was not properly instituted and that there is a defect in proper parties respondent (see CPLR 304, 403, 506, subd. [b], par. 1; 7804, subd. [b]; Executive Law, § 63, subd. 1; *Matter of Social Serv. Employees Union* v. *Saypol,* 23 A D 2d 55; *Warren* v. *Goldstein,* 200 Misc. 194), the District Attorney and the defendant-petitioner have submitted to the jurisdiction of this court and argued the validity of the mandate of commitment on the merits. Thus, under the special circumstances here and in the interests of justice, we overlook the defects in the proceedings and dispose of the matter on the merits rather than remitting the parties to further proceedings. It is settled law that where separate questions put to a witness seek to establish but a single fact, or relate to but a single subject of inquiry, only one penalty for contempt may be incurred. (See *People* v. *Saperstein,* 2 N Y 2d 210; *People* v. *Riela,* 7 N Y 2d 571; *United States* v. *Orman,* 207 F. 2d 148, citing cases.) Following this rule, the District Attorney argued that, at the very least, the respondent was guilty of the three separate contempts as noted above. The mandate of commitment should be modified as hereinbefore provided. Settle order on notice including notice to the Attorney-General. Concur — Eager, J. P., Capozzoli, Tilzer, Markewich and Bastow, JJ.